UNITED STATES SOUTHERN DISTRICT COURT
OF NEW YORK

_____

| | |
|---|---|
| RUN-DMC BRAND, LLC | ) Civil Action No. |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM, INC., WAL-MART STORES, INC., | ) COMPLAINT |
| JET.COM INC., VISION WORLD INC., | ) |
| INFINITY FASHION, INC., | ) |
| SW GLOBAL CORP. And JOHN DOES 1-20 | ) |
| Defendants | ) |
| | ) |
| _____ | ) |

1.      RUN-DMC BRAND LLC ("RUN-DMC") is a New York Company with a business address of 1410 Broadway, Suite 1202, New York, NY 10018.

2.      Darryl McDaniels ("McDaniels"), is the owner of RUN-DMC and has a business address at 1410 Broadway, Suite 1202, New York, NY 10018.

3.      Amazon.com, Inc. owns and operates amazon.com ("Amazon") and is a Washington company located at 2021 7th Avenue, Seattle, WA 98121.

4.      Wal-Mart Stores, Inc. owns and operates Walmart.com ("Walmart"). Walmart has a business address located at 850 Cherry Ave., San Bruno, CA 94066.

5.      Jet.com, Inc. ("Jet") is a New Jersey entity that owns and operates jet.com and maintains a business address at 221 River Street, Hoboken, NJ 07030.

6.      Vision World, Inc. ("Vision") is a California company number C3413363. Vision has a physical address at 3352 Charlotte Ave, Rosemead, CA 91770 and a mailing address at 2446 N. San Gabriel Blvd, #C, Rosemead, CA 91770. Vision is a business partner of Amazon.

7.      Infinity Fashion, Inc. ("Infinity") is a California company No. C3240497, with a business address at 3680 Tyler Ave., El. Monte, CA 91731. Vision is a business partner of Amazon.

8.      SW Global Corp., ("SW") is a California company No. C3324549. SW has three (3) addresses.  Address No 1.-18351 Colima Road No. 190, City of Industry, CA 91748.  Address No. 2- 5333 Hyde St. Unit, 2 Los Angeles, CA 90032 c/o Wilbert Huang and  Address No. 3- c/o Victoria Lai 656 Wickford Ave, La Puente, CA 91744.  SW operates MLC Eyewear and mlceyewear.com pursuant to its U.S. Trademark Registration 4367905 for MLC Eyewear. SW is a business partner of Amazon.

9.      John Does 1-20 are various companies that advertise and list their products for sale on Amazon and split revenue with Amazon while infringing on the RUN-DMC trademark.

## JURISDICTION

10.     Jurisdiction is predicated on federal question and the New York Long Arm Statute. Defendants have violated federal trademark law. Defendants purposefully availed itself of the privilege of conducting activities in the state of New York and has established minimum contacts sufficient to confer jurisdiction over said Defendants.  The assumption of jurisdiction will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff is also a New York entity and the wrongful acts alleged caused harm in the State of New York. The amount in controversy exceeds Fifty Million Dollars ($50,000,000.00).

## FACTS

11.     RUN-DMC is the most well-known group in the history of hip hop/rap music, originating in Hollis, Queens, New York. Historically, the group achieved a number of notable firsts in hip hop music and are credited with being the act most responsible for pushing hip hop into mainstream popular music, initiating its musical and artistic evolution and enabling its growth as a global phenomenon. Run-D.M.C. is the first rap act to have reached a number of major accomplishments:

- A No. 1 R&B charting rap album
- The second rap act to appear on American Bandstand (the Sugar Hill Gang appeared first on the program in 1981)
- The first rap act to chart in the Top 40 of the Billboard Hot 100 more than once
- The first rap artist with a Top 10 pop charting rap album
- One of the first rap artists with gold, platinum, and multi-platinum albums
- The first rap act to appear on the cover of Rolling Stone magazine
- One of the first rap acts to receive a Grammy Award nomination
- The first rap act to make a video appearance on MTV
- The first rap act to perform at a major arena
- Signed to a major product endorsement deal (Adidas)
- The second rap act to be inducted into the Rock and Roll Hall of Fame

     https://en.wikipedia.org/wiki/Run%E2%80%93D.M.C.

12.     RUN-DMC has a registered trademark with the United States Patent and Trademark Office ("USPTO").  See Exhibit "A".  The RUN-DMC brand has produced revenue in excess of One Hundred Million Dollars ($100,000,000.00) from the intellectual property associated with the trademark "RUN-DMC" since its inception in the 1980s. This includes the sale of music, music publishing, concerts, merchandising and endorsement deals.

13.     The Defendants are advertising, selling, manufacturing, promoting and distributing multiple products claiming to be RUN-DMC styled products. Other products directly infringe

and utilize the RUN-DMC trademark. See Exhibit "B".  The products include glasses, hats, t-shirts, patches, wallets and other items.

14.     The products sold by the Defendants confuse the public as to the source of the products and suggests that RUN-DMC endorses the products. The Defendants are trading on the goodwill of Plaintiff.

15.     The Defendants are advertising, manufacturing, selling and distributing multiple products with the RUN-DMC trademark without the permission of RUN-DMC.

16.     The marks used by RUN-DMC and the Defendants are substantially similar. Upon information and belief, the Defendants have used the trademarks of the Plaintiff for at least three (3) years in the advertising, marketing, selling, manufacturing and distributing of Defendants products.

17.     Defendants Amazon, Jet and Walmart sell and advertise products that infringes on the trademark and goodwill of RUN-DMC.

18.     Defendants Amazon, Jet and Walmart all partner with the same identified entities (Vision, Infinity and SW) and JOHN DOE entities that sell infringing RUN-DMC product on amazon.com, jet.com and Walmart.com and trade on the goodwill of RUN-DMC.

19.     Defendant Amazon sells and advertises many of the products directly or fulfills the orders for the infringing products for Vison and Infinity.   Amazon, Vision and Infinity split the proceeds from the selling of various products that directly infringe on the Plaintiff's trademark and/or trades on the goodwill of Plaintiff's trademark.

20.     Defendant Vision advertises product that confuse the public as to the source of origin and endorsement of its products. Vision does this through a business arrangement with Amazon.

21.     Defendant Infinity advertises product that confuse the public as to the source of origin and endorsement of its products. Infinity does this through a business arrangement with Amazon.

22.     The actions of Defendants infringes on the mark of RUN-DMC.

23.     The actions of Defendants are diluting the mark of RUN-DMC.

24.     The action of Defendants have confused the public and has engaged in unfair competition in the use of RUN-DMC's trademark.

25.     The number of infringing materials sold by Amazon, Jet and Walmart are too numerous to properly list.  Exhibit "B" is a small representation of the infringement of Plaintiffs trademark by the Defendants. The actions of the Defendants has harmed RUN-DMC in its business.

## COUNT I- TRADEMARK INFRINGEMENT-
## <u>LANHAM TRADEMARK ACT</u>

26.     Plaintiff repeats paragraphs 1-25 above.

27.     Defendants actions are in violation of Lanham Trademark Act, section 1 et seq. 21 (a) 34, 15 U.S.C.A.  section 1051-1127.

28.     RUN-DMC is the legal and equitable order of a mark registered with the USPTO utilizing the word/term RUN-DMC.

29.     Defendants are utilizing the word RUN-DMC in the production, sale, advertising, manufacturing, promotion and distribution of hats, shirts, glasses associated with RUN-DMC.

30.     The Defendants are infringing on the mark of RUN-DMC and harming RUN-DMC in its business.

31.     The Defendants have caused confusion in the marketplace with its infringing activities and unfair business actions.

32.     The Defendants have harmed the Plaintiff in its business.


## COUNT II- TRADEMARK DILUTION-
## <u>VIOLATION OF THE FEDERAL TRADEMARK DILUTION ACT</u>

33.     Plaintiff repeats paragraphs 1-32 above.

34.     The Federal Trademark Dilution Act ("FTDA") protects trademarks from unauthorized users who attempt to trade upon goodwill of existing marks.  <u>ICEE Distributors, Inc. v. J&J Snack Foods Corp.</u>, 325 F.3d 586 (5th Cir. 2003); <u>Emporesa Cubana del Tabaca v. Culbro Corp.</u>, 2004 WL 602295 (S.D. N.Y. 2004);  <u>Best Cellars, Inc. v. Wine Made Simple, Inc.</u>, 2003 WL 1212815 (S.D. N.Y. 2003).

35.     The FTDA provides for injunctions and monetary remedies for the dilution of trademarks. In order for trademark dilution to occur, the FTDA states that the original trademark must be distinctive.  The FTDA further defines dilution as a use that adversely affects the ability of the trademark to be associated with a particular good or service, regardless of whether competition between the parties exists, or if there is a "likelihood of confusion, mistake, or deception," between the two trademarks.  <u>Moseley v. V Secret Catalogue, Inc.</u>, 537 U.S. 418 (2003).

36.     Defendants are attempting to trade upon the goodwill of RUN-DMC.

37.     The RUN-DMC trademark is distinctive and is one of the most recognizable marks in all of the hip-hop industry.

38.     RUN-DMC has entered several licensing agreements for use of the trademark RUN-DMC, including a deal with Adidas for One Million Six Hundred Thousand Dollars ($1,600,000.00) to endorse a brand of sneakers. The brand is extremely valuable.

39.     The actions of the Defendants have diluted the mark of RUN-DMC and has caused harm to RUN-DMC.


## COUNT III- ACCOUNTING

40.     Plaintiff realleges paragraphs 1-39 above.

41.     The Defendants have illegally and in violation of trademark law, utilized RUN-DMC in the manufacturing, advertising, distributing, marketing and selling of its products.

42.     The Defendants have earned substantial revenue due to their unlawful use of Plaintiff's trademark.

43.     RUN-DMC hereby demands an accounting of all sales of the Defendants products that were advertised as being related to RUN-DMC and/or directly use the trademark RUN-DMC.


## COUNT IV- PERMANENT INJUNCTION

44.     Plaintiff realleges paragraphs 1-43 above.

45.     Plaintiff is entitled to an injunction against the Defendants.

46.     *Grounds.*

        Plaintiff will suffer immediate and irreparable injury, loss, or damage if Defendants' conduct described above is not enjoined for these reasons:  (1) the Defendants are infringing on the trademark of RUN-DMC (2) the Defendants are causing confusion in the marketplace (3) the Defendants are aware of the RUN-DMC trademark yet it continues to utilize the mark in bad faith.

47.     Plaintiff does not have an adequate remedy at law because the Defendants continue to dilute and use Plaintiff's trademark.  Plaintiff has exercised due diligence in prosecuting this claim.  The injury to Plaintiff if the Defendants continue the conduct described above would outweigh any injury the restraining order and injunction might cause Defendants. An issuance of the restraining order and injunction would not disserve the public interest.

48.      Plaintiff has a likelihood of success on the merits.

49.      Plaintiff seeks a temporary restraining order restraining Defendants its officers, agents, servants, and employees from directly or indirectly promoting, advertising, conducting, participating in and receiving or making any payments for any "RUN-DMC" product being sold by the Defendants.


## COUNT V-
## TRADEMARK INFRINGEMENT-COMMON LAW

50.      Plaintiff realleges paragraphs 1-49 above.

51.      Beginning in the 1980's  Darryl McDaniels, an original member of the hip-hop group RUN-DMC began creating, marketing, advertising and promoting RUN-DMC.

52.      Over the last thirty (30) years, McDaniels and RUN-DMC have executed thousands of concert contracts, promotional contracts, endorsements contracts and merchandising contracts utilizing the name and mark "RUN-DMC".

53.      The Defendants are infringing on the common law mark utilized by the Plaintiff and has harmed Plaintiff's business.

## COUNT VI- UNFAIR COMPETITION-
## LANHAM TRADEMARK ACT

54.      Plaintiff repeats paragraphs 1-53 above.

55.      Defendants actions are in violation of Lanham Trademark Act.

56.      RUN-DMC is the legal and equitable order of a mark registered with the USPTO utilizing the word "RUN-DMC".

57.      Defendants are utilizing the word "RUN-DMC" in the production, advertising, promotion, marketing, sale and distribution of various products including glasses, t-shirts  and patches.

58.      The Defendants are infringing on the mark of RUN-DMC and harming RUN-DMC in its business.

59.      The Defendants are engaging in unfair competition by utilizing the mark of the Plaintiff and causing injury to the Plaintiff.

## COUNT VII- NEW YORK ANTI-DILUTION VIOLATION-
## STATUTORY AND COMMON LAW

60.     Plaintiff repeats paragraphs 1-59 above.

61.     New York recognizes a common law dilution cause of action with essentially the same standards as the Lanham Act (see Twentieth Century Fox Film Corp v. Marvel Enters., 220 F. Supp. 2d 289, 297-98 (S.D.N.Y. 2002) and Kensington Publ'g Corp. v. Gutierrez, No. 05 Civ. 10529 (LTS) (AJP), 2009 WL 4277080, at *7 (S.D.N.Y. Nov. 10, 2009)).

62.     RUN-DMC is an extremely famous mark, however, the Second Circuit has held that fame is not required for a mark to be protected under the New York anti-dilution law (see, for example, Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F. 3d 97, 114 (2d Cir. 2009)).

63.     The actions of the Defendants have diluted the mark "RUN-DMC" and has harmed RUN-DMC in its business.

64.     The Defendants have harmed RUN-DMC's ability to utilize, market, promote and sell products with its registered trademark.

## COUNT VIII- NEW YORK UNFAIR COMPETITION-
## COMMON LAW

65.     Plaintiff repeats paragraphs 1-64 above.

66.     New York recognizes common law unfair competition claims applicable to trademarks. See ITC Ltd. v. Punchgini, Inc., 9 NY.3d 467, 476-77 (2007).

67.     The Second Circuit has held that to prevail on a common law unfair competition claim under New York law a Plaintiff with a protectable mark must show (1) Actual confusion, in an action for damages; (2) Likelihood of confusion, in an action for injunctive relief. (3) Bad faith or intent. See Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 35 (2d Cir. 1995).

68.     New York federal courts applying the New York law have held that Consumer confusion is analyzed under the common law in the same manner as under the Lanham Act (see, for example, US Polo Ass'n v. PRL USA Holdings, Inc., 800 F. Supp. 2d 515, 538 (S.D.N.Y. 2011).

69.     The Defendants are in violation of New York law and have usurped the "RUN-DMC" mark.

70.     The Defendants have violated the rights of RUN-DMC  and has harmed RUN-DMC in its business.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

The Plaintiff demands,

1.     Judgment on all counts;
2.     Interest;
3.     The sum of Fifty Million Dollars ($50,000,000.00).
4.     Attorneys Fees;
5.     An injunction retraining the Defendants from utilizing "RUN-DMC" in the sale, promotion, advertising, manufacturing, distribution and marketing; and,
6.     Any other relief this Court deems just and equitable.

RUN-DMC LLC

_____
Christopher L. Brown
NYS Bar No. 2953891
Brown & Rosen LLC
Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
December 29, 2016               617-695-3202 (F)
cbrown@brownrosen.com

# EXHIBIT A



| | |
|---|---|
| **Word Mark** | **RUN--DMC** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: series of musical, sound and video recordings. FIRST USE: 19830403. FIRST USE IN COMMERCE: 19830403 |
| | IC 025. US 022 039. G & S: clothing, namely T-shirts, hats, jackets and shoes. FIRST USE: 19830403. FIRST USE IN COMMERCE: 19830403 |
| | IC 041. US 100 101 107. G & S: entertainment in the nature of live musical performances. FIRST USE: 19830403. FIRST USE IN COMMERCE: 19830403 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.09.12 - Squares with bars, bands and lines<br>26.09.21 - Squares that are completely or partially shaded |
| **Trademark Search Facility Classification Code** | LETTER-3-OR-MORE DMC Combination of three or more letters as part of the mark<br>SHAPES-GEOMETRIC Geometric figures and solids including squares, rectangles, quadrilaterals and polygons |
| **Serial Number** | 76624074 |
| **Filing Date** | December 13, 2004 |
| **Current Basis** | 1A |
| **Original Filing Basis** | NO FILING BASIS |
| **Published for Opposition** | July 10, 2007 |
| **Registration Number** | 3310249 |
| **Registration Date** | October 16, 2007 |

| | |
|---|---|
| **Owner** | (REGISTRANT) MCDANIELS, DARRYL INDIVIDUAL NEW JERSEY c/o The McMillan Firm 156 West 56th Street, 10th Floor New York NEW YORK 10019 |
| | (LAST LISTED OWNER) RUN-DMC BRAND, LLC LIMITED LIABILITY COMPANY NEW YORK 1410 BROADWAY, SUITE 1202 NEW YORK NEW YORK 10018 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | L. Londell McMillan |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RUN" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

# EXHIBIT B

















































