**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUN-DMC BRAND, LLC, | |
| Plaintiff, | Civil Action No. 1:16-cv-10011-JPO |
| v. | **ECF Case** |
| AMAZON.COM, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | Hon. J. Paul Oetken<br>Courtroom: 706 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S**
**MOTION TO DISMISS PLAINTIFF RUN-DMC BRAND, LLC'S**
**THIRD AMENDED COMPLAINT**

DURIE TANGRI LLP
JOSEPH C. GRATZ (*Pro Hac Vice*)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorney for Defendant
AMAZON.COM, INC.

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ........................................................................................................1

II.  BACKGROUND ........................................................................................................1

III.  LEGAL STANDARD..................................................................................................2

IV.  ARGUMENT .............................................................................................................3

A.  Count One (Trademark Infringement) is subject to dismissal because the Third Amended Complaint alleges that third parties, not Amazon, posted the listings and sold the goods in question..............................................................3

B.  Count Two (Federal Trademark Dilution) should be dismissed because the Third Amended Complaint does not allege that the mark is "widely recognized by the general consuming public of the United States." ......................6

C.  Count Three should be dismissed because a permanent injunction is a remedy, not a cause of action...............................................................................7

D.  Count Four (Vicarious Trademark Infringement) should be dismissed because the Third Amended Complaint does not plead *any* of the elements of vicarious trademark infringement........................................................................8

E.  Count Five (Contributory Trademark Infringement) should be dismissed because the Third Amended Complaint does not allege that Amazon failed to remove any allegedly infringing items after Plaintiff requested removal of that item. .....................................................................................................9

F.  Count Six (Unfair Competition under the Lanham Act) should be dismissed because there is no freestanding cause of action for unfair competition under the Lanham Act.....................................................................11

G.  Count Seven (Dilution under New York law) should be dismissed because the Third Amended Complaint alleges neither blurring nor tarnishment..............11

H.  Count Eight (Unfair Competition under New York law) should be dismissed because the Third Amended Complaint does not allege that Amazon acted in bad faith. ..................................................................................13

I.  Plaintiff's Counts Nine and Ten should be dismissed under 47 U.S.C. § 230(c) because they treat Amazon as the "publisher or speaker" of materials that did not originate with Amazon, but with third-party sellers on Amazon's marketplace......................................................................................13

     J.      Counts Nine and Ten (Deceptive Practices and False Advertising under New York law) should be dismissed at least because the Third Amended Complaint does not allege that any consumer was deceived in New York. .......... 16

V.     CONCLUSION ................................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allied Maint. Corp. v. Allied Mech. Trades, Inc.*,
    42 N.Y.2d 538 (1977) ............................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................3

*Bd. of Regents, Univ. of Tex. Sys. v. KST Elec., Ltd.*,
    550 F. Supp. 2d 657 (W.D. Tex. 2008)...............................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................2, 3

*Chiste v. Hotels.com L.P.*,
    756 F. Supp. 2d 382 (S.D.N.Y. 2010)................................................8

*Dan–Foam A/S v. Brand Named Beds, LLC*,
    500 F. Supp. 2d 296 (S.D.N.Y. 2007)................................................7

*Deere & Co. v. MTD Prods., Inc.*,
    41 F.3d 39 (2d Cir. 1994) ...................................................................12

*Enigma Software Grp. USA LLC v. Malwarebytes Inc.*,
    No. 5:17-cv-02915-EJD, 2017 WL 5153698 (N.D. Cal. Nov. 7, 2017),
    *appeal docketed*, No. 17-17351 (9th Cir. Nov. 21, 2017) ...............16

*Free Kick Master LLC v. Apple Inc.*,
    140 F. Supp. 3d 975 (N.D. Cal. 2015) ...............................................14

*Goshen v. Mutual Life Ins. Co.*,
    746 N.Y.S.2d 858 (2002)................................................................16, 17

*Heller Inc. v. Design Within Reach, Inc.*,
    No. 09 Civ. 1909(JGK), 2009 WL 2486054 (S.D.N.Y. Aug. 14, 2009) .................7

*Herrick v. Grindr, LLC*,
    No. 17-CV-932 (VEC), 2017 WL 744605 (S.D.N.Y. Feb. 24, 2017) ...................14

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
    58 F.3d 27 (2d Cir. 1995) ...................................................................13

*Kabbaj v. Google, Inc.*,
    Civ. No. 13-1522-RGA, 2014 WL 1369864 (D. Del. Apr. 7, 2014), *aff'd*, 592
    F. App'x 74 (3d Cir. 2015) .................................................................14

*Kelly-Brown v. Winfrey*,
    717 F.3d 295 (2d Cir. 2013)..................................................................................8

*Lasoff v. Amazon.com Inc.*,
    No. C16-151 BJR, 2017 WL 372948 (W.D. Wash. Jan. 26, 2017),
    *appeal docketed*, No. 17-35173 (9th Cir. Feb. 24, 2017) ...................................6, 15

*Lekki Capital Corp. v. Automatic Data Processing, Inc.*,
    No. 01 CIV.7421(LMM), 2002 WL 987147 (S.D.N.Y. May 14, 2002) ..................................8

*Manchanda v. Google*,
    No. 16-CV-3350 (JPO), 2016 WL 6806250 (S.D.N.Y. Nov. 16, 2016) ...........................3, 14

*McDonald v. LG Elecs. USA, Inc.*,
    219 F. Supp. 3d 533 (D. Md. 2016) ......................................................................14

*Mead Data Cent., Inc. v. Toyota Motor Sales, U.S.A., Inc.*,
    875 F.2d 1026 (2d Cir. 1989)..............................................................................11

*Mountz v. Glob. Vision Prods., Inc.*,
    3 Misc. 3d 171 (N.Y. Sup. Ct. 2003) ..................................................................17

*In re NYSE Specialists Sec. Litig.*,
    503 F.3d 89 (2d Cir. 2007) (Sotomayor, J.)..............................................................3

*Pot Luck, L.L.C. v. Freeman*,
    No. 06 Civ. 10195 (DAB), 2009 WL 693611 (S.D.N.Y. Mar. 10, 2009) ............................11

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*,
    893 F. Supp. 285 (S.D.N.Y. 1995).........................................................................8

*Tiffany (NJ) Inc. v. eBay Inc.*,
    600 F.3d 93 (2d Cir. 2010)......................................................................... *passim*

**Statutes**

15 U.S.C. § 1125(c)(2)(A) .......................................................................................6

47 U.S.C. § 230...............................................................................13, 14, 15, 16

N.Y. Gen. Bus. L. § 349 .....................................................................2, 15, 16, 17

N.Y. Gen. Bus. L. § 350 ...........................................................................2, 15, 17

**Rules**

Fed. R. Civ. P. 11 ..................................................................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................................................2

## I.        INTRODUCTION

In the Third Amended Complaint, Plaintiff identifies a number of products that third parties have listed for sale on Amazon.com and alleges that those products, which bear the mark "RUN-DMC," violate Plaintiff's rights in that mark.  Plaintiff does not allege that Amazon itself manufactured any of those products, listed any of those products for sale, took ownership of those products, or acted as the seller of record with respect to those products.  Indeed, Plaintiff affirmatively alleges—and the documents attached to the Third Amended Complaint confirm— that all of those things were done by third parties, not Amazon.  And Plaintiff affirmatively alleges that Amazon removed the product listings at issue when Plaintiff notified Amazon of its claim of infringement, identifying no listing that remained active after such a notification.  Those facts doom Plaintiff's claims because, as the Second Circuit held in the *Tiffany v. eBay* case, an operator of an online marketplace is not liable for third-party sales of infringing goods using its services, so long as the marketplace removes listings upon request from a trademark holder.

Aside from the trademark claims, Plaintiff alleges a variety of business torts.  Each of those claims is subject to dismissal, on a variety of grounds discussed below.  In all, Counts 1, 3, 6, 9, and 10 suffer from incurable problems and should be dismissed with prejudice; Counts 2, 4, 5, and 7 should be dismissed without prejudice.  While the Plaintiff has now amended the complaint three times, the Court should allow one further amendment, in the event (which we regard as unlikely) that Plaintiff has a Rule 11 basis to allege facts which would save Counts 2, 4, 5, and 7 from dismissal for failure to state a claim.

## II.       BACKGROUND

The initial Complaint in this action was filed on December 29, 2016.  ECF No. 1. Plaintiff filed the First Amended Complaint before the initial Complaint had been served on Amazon.  ECF No. 23.  Following a request from Plaintiff, Amazon executed a waiver of service

1

on May 30, 2017.  ECF No. 25.  Following meet-and-confer regarding deficiencies in the First Amended Complaint, the parties jointly requested that leave be granted to file the Second Amended Complaint, ECF No. 30, which was then filed.  ECF No. 32.  Following further meet-and-confer regarding deficiencies in the Second Amended Complaint, the parties jointly requested that leave be granted to file the Third Amended Complaint, ECF No. 33, which was then filed.  ECF No. 35.  The Third Amended Complaint is the currently operative complaint.

The Third Amended Complaint contains ten counts:

1.      Direct liability for trademark infringement under the federal Lanham Act;

2.      Trademark dilution under the Federal Trademark Dilution Act;

3.      "Permanent Injunction";

4.      Vicarious liability for trademark infringement under the federal Lanham Act;

5.      Contributory liability for trademark infringement under the federal Lanham Act;

6.      "Unfair competition" under the federal Lanham Act;

7.      Violation of New York State law against trademark dilution;

8.      Unfair competition under New York State common law;

9.      Deceptive acts and practices in violation of New York General Business Law Section 349; and

10.     False advertising in violation of New York General Business Law Section 350.

This motion followed, seeking dismissal of all of the claims in the Third Amended Complaint.

## III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering a motion to dismiss, courts must

accept as true all "factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572, and

must draw "all inferences in the light most favorable to the non-moving party's favor."  *In re*

*NYSE Specialists Sec. Litig*., 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.).  *See Manchanda v.*

*Google*, No. 16-CV-3350 (JPO), 2016 WL 6806250, at *3 (S.D.N.Y. Nov. 16, 2016).

## IV.   ARGUMENT

### A.   Count One (Trademark Infringement) is subject to dismissal because the Third Amended Complaint alleges that third parties, not Amazon, posted the listings and sold the goods in question.

Plaintiff's claims are based on sales by third parties via Amazon's marketplace.  Because

Amazon does not make or sell those goods, Amazon is not subject to a claim for direct trademark

infringement.

The Third Amended Complaint, ECF No. 35, makes specific allegations about the

allocation of responsibility between Amazon and the third-party sellers who post listings for

products on Amazon's marketplace:

> Amazon has a business relationship with multiple vendors that
> advertise and sell multiple items on the Amazon.com website.
> Through this business relationship, vendors with the knowledge of
> Amazon, engaged in the advertising, selling, promoting and
> distributing of multiple products claiming to be RUN-DMC styled
> products. See Exhibit "B". The products directly infringe and
> utilize the RUN-DMC trademark. The products include glasses,
> hats, t-shirts, sneakers, dolls, backpacks, underwear, patches,
> wallets, doormats, guitar pics, stickers and other items. All the
> products are viewable on Amazon in the United States.

Third Am. Compl. ("TAC"), ECF No. 35, ¶ 8.  Thus it is the third-party "vendors"—not

Amazon—that "engaged in the advertising, selling, promoting, and distributing of multiple

products claiming to be RUN-DMC styled products."  *Id.*  Exhibit B, referenced in that

paragraph, further bears this out.  To the extent the partial screenshots contained in Exhibit B

indicate who is the seller of the goods in question, they identify third parties as the seller.  *See, e.g.*, ECF No. 35-1 at 3 ("Ships from and sold by MyLux Connection"), 4 ("Ships from and sold by OmniLabs"; "Ships from and sold by Sunglass Stop"); 6 ("Ships from and sold by Newbee Fashion"), 7 (same); 8 ("Ships from and sold by Happyland Store"); 9 ("Ships from and sold by Tooussaint").

In the following paragraph, the Third Amended Complaint discusses listings for products that are manufactured and sold by third parties, but in situations where those third parties make use of Amazon's warehousing and shipping services.  The Third Amended Complaint alleges:

> Amazon has a business relationship with multiple vendors that advertise and sell multiple items on the Amazon.com website. Through this business relationship, vendors with the knowledge of Amazon, engage in the advertising, selling, promoting and distributing of multiple products claiming to be RUN-DMC styled products. Amazon maintained products that it received from vendors and/or directed the fulfillment of orders of RUN-DMC styled products through its "Prime" program. See Exhibit "C". The products directly infringe and utilize the RUN-DMC trademark. The products include glasses, hats, t-shirts, sneakers, dolls, backpacks, underwear, patches, wallets and other items. These items are all viewable on Amazon in the United States.

TAC ¶ 9.  As with the products discussed in the preceding paragraph, it is third-party "vendors that advertise and sell" the products in question and "engage in the advertising, selling, promoting and distributing of multiple products claiming to be RUN-DMC styled products."  *Id.* Amazon is alleged to have "maintained products that it received from vendors"—which in this context apparently refers to warehousing those products—"and/or directed the fulfillment of orders" of those products—which in this context apparently refers to shipping those products. The Third Amended Complaint does not (and could not) allege that Amazon is the seller of record for any of these products, or that Amazon ever takes title to the products it warehouses and ships at the request of third-party sellers.

Plaintiff's claim for direct trademark infringement fails because providing neutral services with respect to particular goods, such as the hosting of listings for those goods or the shipment of those goods, does not constitute direct trademark infringement.  The Second Circuit's decision in *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 97 (2d Cir. 2010), governs this case.  That decision dealt with product listings on eBay which, like Amazon, is "an Internet-based marketplace that allows those who register with it to purchase goods from and sell goods to one another."  *Id.* at 96-97.  Like Amazon, eBay, "provides the venue for the sale of goods and support for the transactions, but does not itself sell the items listed for sale on the site" by third-party sellers.[1]  *Id.* (internal quotation marks and modifications omitted).  And like Amazon, eBay "generates revenue by charging sellers to use its listing services," including a percentage fee based on the sale price of the item.  *Id.*  In addition to listing services, eBay, like Amazon, offers ancillary services in connection with third-party sales.  *Id.*

A trademark holder, Tiffany & Co., sued eBay for "direct and contributory trademark infringement, trademark dilution, and false advertising."  *Id.* at 101.  All of Tiffany's claims failed, and the reasons that Tiffany's direct-infringement claim failed are instructive here.  The Second Circuit held that because the eBay website contained at least some genuine Tiffany products, eBay was permitted to use the term "Tiffany" to direct users to listings claiming to offer Tiffany products, even if some of those third-party listings turned out to be for non-genuine goods.  *Id.* at 103.  This was equally true with respect to automated advertisements placed by eBay to promote the third-party listings claiming to offer Tiffany goods.  *Id.*  "To impose

---

[1] Amazon also has a retail business, in which it takes title to goods and acts as the seller of record with respect to those goods.  There are no allegations relating to that business in the Third Amended Complaint.

liability because eBay cannot guarantee the genuineness of all of the purported Tiffany products offered on its website would unduly inhibit the lawful resale of genuine Tiffany goods."  *Id.*

The facts alleged in the Third Amended Complaint fall squarely within the rule announced by the Second Circuit in *Tiffany*.  As in *Tiffany*, Amazon's role is to host listings for sales by third parties, and to offer ancillary services related to those third-party sales.  TAC ¶¶ 8-9.  As in *Tiffany*, some of the RUN-DMC branded goods sold on Amazon are conceded to be genuine.  *Id.* ¶¶ 8 n.1, 14.  And as in *Tiffany*, Amazon is alleged to have taken automated steps to direct users to third-party listings based on the presence of the asserted trademark.  *Id.* ¶¶ 26-27 (discussing an automated email directing a user to an allegedly counterfeit RUN-DMC patch based on the user's interest in RUN-DMC merchandise).  *Cf., e.g.*, *Lasoff v. Amazon.com Inc.*, No. C16-151 BJR, 2017 WL 372948, at *7 (W.D. Wash. Jan. 26, 2017), *appeal docketed*, No. 17-35173 (9th Cir. Feb. 24, 2017) (relying on *Tiffany* in rejecting a trademark claim against Amazon based on similar automated emails).  Accordingly, there can be no claim for direct infringement against Amazon arising out of the use of the RUN-DMC trademark in connection with third-party listings or the promotion of those third-party listings.  Count One should be dismissed with prejudice.

**B.      Count Two (Federal Trademark Dilution) should be dismissed because the Third Amended Complaint does not allege that the mark is "widely recognized by the general consuming public of the United States."**

In order to plead a claim for trademark dilution under federal law, a plaintiff must allege that its mark is "widely recognized by the **general** consuming public of the United States as a designation of source of the goods or services of the mark's owner."  15 U.S.C. § 1125(c)(2)(A) (emphasis added).  This language—which was added in 2006 as part of the Trademark Dilution Revision Act ("TDRA")—"was intended to reject dilution claims based on niche fame, i.e. fame limited to a particular channel of trade, segment of industry or service, or geographic region."

*Dan–Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 307 n.90 (S.D.N.Y. 2007) (internal quotation marks omitted).  "One of the major purposes of the TDRA was to restrict dilution causes of action to those few truly famous marks like Budweiser beer, Camel cigarettes, Barbie Dolls, and the like." *Bd. of Regents, Univ. of Tex. Sys. v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 679 (W.D. Tex. 2008) (internal citations omitted).  "[C]ourts generally have limited famous marks to those that receive multi-million dollar advertising budgets, generate hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public." *Heller Inc. v. Design Within Reach, Inc.*, No. 09 Civ. 1909(JGK), 2009 WL 2486054, at *3 (S.D.N.Y. Aug. 14, 2009).

The Third Amended Complaint does not allege that the RUN-DMC mark is widely recognized by the general consuming public of the United States.  To be sure, the Complaint alleges that RUN-DMC is "the most well-known group in the history of hip hop/rap music." TAC ¶ 5.  But that claim to niche fame does not suffice at the pleadings stage.  *See, e.g.*, *Heller Inc.*, 2009 WL 2486054, at *4 (dilution claim dismissed for failure to state a claim when it alleged that the trademark in question was "well known to the 'relevant public interested in contemporary furniture.'").  As the Third Amended Complaint alleges, RUN-DMC may be well known as hip-hop groups go—but Plaintiff has not alleged fame among the general consuming public of the United States, nor facts which could show that the brand is in the same league as BUDWEISER, CAMEL, BARBIE, and the like.  Accordingly, the dilution claim is subject to dismissal without prejudice.

### C.   Count Three should be dismissed because a permanent injunction is a remedy, not a cause of action.

Plaintiff's third cause of action is styled "PERMANENT INJUNCTION."  Under that heading, the Third Amended Complaint states that Plaintiff "is entitled to an injunction against

7

Amazon," TAC ¶ 49, and that "Plaintiff seeks a temporary restraining order" against Amazon. *Id.* ¶ 53.  But Plaintiff fails to state a claim, because "injunctions are remedies, not causes of action."  *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406 (S.D.N.Y. 2010).  *See also, e.g.*, *Lekki Capital Corp. v. Automatic Data Processing, Inc.*, No. 01 CIV.7421(LMM), 2002 WL 987147, at *3 (S.D.N.Y. May 14, 2002) ("An injunction is a remedy and not a separate cause of action."); *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 293 (S.D.N.Y. 1995) ("There is no 'injunctive' cause of action under New York or federal law.  Instead, defendants must allege some wrongful conduct on the part of plaintiff for which their requested injunction is an appropriate remedy.").  Count Three should be dismissed with prejudice.

> **D.      Count Four (Vicarious Trademark Infringement) should be dismissed because the Third Amended Complaint does not plead *any* of the elements of vicarious trademark infringement.**

In the Second Circuit, "[v]icarious liability for trademark infringement requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product."  *Kelly-Brown v. Winfrey*, 717 F.3d 295, 314 (2d Cir. 2013) (citation omitted).

The vicarious-infringement claim in the Third Amended Complaint alleges none of that. After incorporating by reference the preceding paragraphs, that claim touts the longevity of the RUN-DMC name, TAC ¶ 55, alleges that the RUN-DMC group has entered into many performance contracts, *id.* ¶ 56, and states the conclusion that "Amazon is infringing on the mark utilized by the Plaintiff and has harmed Plaintiff's business."  *Id.* ¶ 57.  As discussed above, conclusory statements regarding infringement are not taken as true at the pleadings stage.  (And, at any rate, even the conclusion that *Amazon* was infringing wouldn't be relevant to a claim for vicarious infringement, which requires a showing of infringement by a third party.)  The

vicarious-infringement claim goes on to allege that "Amazon knows or should know that many vendors/retailers on its website is [sic] selling counterfeit goods and Plaintiff's agents have informed Amazon of such counterfeiting."  *Id.* ¶ 58.  As discussed below with respect to the contributory-infringement claim, such an allegation of generalized knowledge, even if true, does not support a trademark claim of any kind after the *Tiffany v. eBay* case.  But that allegation is doubly irrelevant to a vicarious-infringement claim, which does not depend on the defendant's knowledge *vel non*.

Finally, the vicarious-infringement claim alleges that "Amazon has failed to solve the counterfeiting problem," that "counterfeiting on Amazon is profitable for Amazon," and that the "actions of Amazon has [sic] harmed the Plaintiff."  TAC ¶¶ 59-61.  None of these allegations relate to the substance of a vicarious-infringement claim, because none allege that Amazon has an "apparent or actual partnership" with any third-party seller on Amazon's marketplace, that any third-party seller on Amazon's marketplace has authority to bind Amazon in transactions with third parties, or that Amazon has any ability to exercise joint ownership or control over any allegedly infringing product.  Accordingly, the Third Amended Complaint does not state a claim for vicarious infringement, and should be dismissed without prejudice.

   **E.   Count Five (Contributory Trademark Infringement) should be dismissed because the Third Amended Complaint does not allege that Amazon failed to remove any allegedly infringing items after Plaintiff requested removal of that item.**

The law in this Circuit is clear:  "For contributory trademark infringement liability to lie, a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods.  Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary."  *Tiffany*, 600 F.3d at 107.  The Third Amended Complaint does not allege that Amazon had knowledge of which particular listings

were or would be infringing but failed to remove those listings, and for that reason does not state a claim for contributory trademark infringement.

With respect to notifications to Amazon of particular listings claimed to be infringing, the sum total of the allegations in the Third Amended Complaint appear in a single paragraph, which reads, in full:

> Despite notify [sic] Amazon of various infringing items, on occasion Amazon would remove the products, however many items would re-appear. It was demanded that Amazon take down eyeglasses, underwear, baby clothing and other products, however, despite the previous requests, the items would re-appear.

TAC ¶ 30.  This paragraph does not allege that Amazon had contemporary knowledge of particular infringing listings.  Instead, it alleges that Amazon "would remove" listings when Plaintiff notified Amazon of its claim that those listings were infringing, but that "many items would re-appear," *id.*—apparently a reference to new listings being posted for items that Plaintiff regards as similar to those in other listings that were removed.  There is no allegation that the "particular listings" identified by Plaintiff as infringing remained on Amazon's marketplace.  As the Second Circuit discussed in *Tiffany*, the law places the burden of identifying particular infringing listings on the trademark holder, and arguments about burden provide no basis to "revise the existing law in order to better serve one party's interests at the expense of the other's."  *Tiffany*, 600 F.3d at 109.  Indeed, as the Third Amended Complaint alleges, "RUN-DMC has entered several licensing agreements for use of the trademark RUN-DMC," including with respect to "a brand of sneakers," TAC ¶ 42, and with respect to "T-shirts."  *Id.* ¶ 14. Plaintiff, and not Amazon, is in a position to know which listings offer licensed goods and which do not.  Because there is no allegation that Amazon failed to remove particular listings identified by Plaintiff as infringing, the Third Amended Complaint does not state a claim for contributory trademark infringement, and it should be dismissed without prejudice.

10

**F.     Count Six (Unfair Competition under the Lanham Act) should be dismissed because there is no freestanding cause of action for unfair competition under the Lanham Act.**

Plaintiff's sixth cause of action is styled "UNFAIR COMPETITION—LANHAM TRADEMARK ACT." "Yet under Section 43 of the [Lanham] Act, there is no specific Federal cause of action for unfair competition.  Instead unfair competition under the Lanham Act is a category of claims consisting primarily of causes of action for false designation of origin and false advertising."  *Pot Luck, L.L.C. v. Freeman*, No. 06 Civ. 10195 (DAB), 2009 WL 693611, at *4 (S.D.N.Y. Mar. 10, 2009).  Plaintiff's complaint "does not state the specific cause of action that it alleges under the rubric of unfair competition."  *Id.* at *5.  Instead, it repeats allegations duplicative of those made in connection with Plaintiff's trademark infringement claim, then states the conclusion that "Amazon is engaging in unfair competition by utilizing the mark of the Plaintiff and causing injury to the Plaintiff."  TAC ¶ 75.  To the extent the sixth cause of action relates to trademark infringement, it is duplicative of Plaintiff's first cause of action, and subject to dismissal with prejudice on that basis.  To the extent the sixth cause of action is intended to plead a claim for false designation of origin or false advertising, it does not plead any of the elements of those causes of action, and is subject to dismissal for failure to state a claim.

**G.     Count Seven (Dilution under New York law) should be dismissed because the Third Amended Complaint alleges neither blurring nor tarnishment.**

Count Seven is subject to dismissal on the independent ground that the Third Amended Complaint pleads neither "blurring" nor "tarnishment."  In order to make out a claim for dilution under New York law, a plaintiff must plead "either the blurring of a mark's product identification or the tarnishment of the affirmative associations a mark has come to convey."  *Mead Data Cent., Inc. v. Toyota Motor Sales, U.S.A., Inc*., 875 F.2d 1026, 1031 (2d Cir. 1989).

Blurring occurs "where the defendant uses or modifies the plaintiff's trademark to identify the defendant's goods and services, raising the possibility that the mark will lose its ability to serve as a unique identifier of the plaintiff's product."  *Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 43 (2d Cir. 1994) (emphases omitted); *accord Allied Maint. Corp. v. Allied Mech. Trades, Inc.*, 42 N.Y.2d 538, 544 (1977) ("The harm that section 368-d is designed to prevent is the gradual whittling away of a firm's distinctive trade-mark or name.").  The Third Amended Complaint does not allege that there has been any "whittling away" or other impairment of the distinctiveness of any trademark.  While the Third Amended Complaint states the conclusion that "[t]he actions of Amazon has [sic] diluted the mark 'RUN-DMC' and has harmed RUN-DMC in its business," TAC ¶ 79, it provides no facts that could lead to the conclusion that there has been any impairment to the distinctiveness of the RUN-DMC mark.  It therefore does not state a dilution claim based on blurring.

"'Tarnishment' generally arises when the plaintiff's trademark is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context likely to evoke unflattering thoughts about the owner's product."  *Deere & Co*., 41 F.3d at 43.  The Third Amended Complaint does not allege that the RUN-DMC mark has been linked to products of shoddy quality; indeed, it makes no allegations at all about the quality of the third-party goods in question.  Neither does the Third Amended Complaint allege that the products in question portray the RUN-DMC mark in an unwholesome or unsavory context; the third-party goods in question are such innocuous items as glasses, shirts, and baby clothes.

Because the Third Amended Complaint pleads neither blurring nor tarnishment, Count Seven should be dismissed without prejudice.

**H.      Count Eight (Unfair Competition under New York law) should be dismissed because the Third Amended Complaint does not allege that Amazon acted in bad faith.**

Count Eight is subject to dismissal on the independent ground that the Third Amended Complaint does not allege each of the elements of a claim for unfair competition under New York common law.  In order to make out such a claim, "there must be some showing of bad faith."  *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc*., 58 F.3d 27, 35 (2d Cir. 1995).  While Count Eight in the Third Amended Complaint cites the *Jeffrey Milstein, Inc.* case and identifies bad faith as an element, TAC ¶ 83, it does not allege that Amazon has in fact acted in bad faith, and certainly does not plead facts which would lead to that conclusion.  *See id.* ¶¶ 81-86.  Indeed, the Complaint affirmatively alleges that Amazon removed allegedly infringing items upon Plaintiff's request.  *Id.* ¶ 30.  Thus, Count Eight is subject to dismissal for failure to state a claim, in addition to being barred, as discussed below, by 47 U.S.C. § 230.

**I.       Plaintiff's Counts Nine and Ten should be dismissed under 47 U.S.C. § 230(c) because they treat Amazon as the "publisher or speaker" of materials that did not originate with Amazon, but with third-party sellers on Amazon's marketplace.**

As discussed above, Plaintiff's claims arise not out of any materials created by Amazon employees, but instead out of listings provided to Amazon by third parties.  For that reason, some of those claims—Counts Nine and Ten[2]—are barred by Section 230 of the Communications Decency Act.  As this Court has explained:

> Section 230 of the CDA provides broad immunity to internet service providers from liability for content authored by third parties. 47 U.S.C. § 230. It provides that "[n]o provider or user of an interactive computer service shall be treated as the

---

[2] Counts Seven and Eight are also state-law claims to which Section 230 may apply, but Amazon does not address Section 230 immunity with respect to those counts at this time because they are more readily dismissed due to shortcomings in the manner in which they are pleaded, as discussed above.

> publisher or speaker of any information provided by another
> information content provider," *id.* § 230(c)(1), and immunizes such
> services from "cause[s] of action" and "liability ... imposed under
> any State or local law that is inconsistent" with the CDA, *id.* §
> 230(e)(3).

*Manchanda v. Google*, No. 16-CV-3350 (JPO), 2016 WL 6806250, at *2 (S.D.N.Y. Nov. 16,

2016).  Counts Nine and Ten meet each of the requirements for Section 230 immunity.

 *First*, they are made against an "interactive computer service," as that term is defined in

47 U.S.C. § 230(f)(2).  TAC ¶¶ 8-9; *see, e.g.*, *McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d

533, 537 (D. Md. 2016) (holding that Amazon is an "interactive computer service" in the context

of the sale of goods via Amazon.com); *Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d

975, 983 (N.D. Cal. 2015) (dismissing claims against Amazon relating to third-party postings as

barred by Section 230 of the CDA); *Kabbaj v. Google, Inc.*, Civ. No. 13-1522-RGA, 2014 WL

1369864, at *2 (D. Del. Apr. 7, 2014), *aff'd*, 592 F. App'x 74 (3d Cir. 2015) (same).

 Second, they arise out of materials authored by a third party, not by Amazon.  The

product listings in question were authored and provided to Amazon by third-party vendors.  TAC

¶¶ 8-9.  They were thus "information provided by another information content provider."  47

U.S.C. § 230(c)(1).  *Cf.*, *e.g.*, *McDonald*, 219 F. Supp. 3d at 537 (finding this element met where

"the posting for sale was created on Amazon's website by a third party").

 Finally, the claims treat Amazon "as the publisher or speaker" of the third-party product

listings.  "Allegations premised on [a defendant's] failure to block, screen, or otherwise prevent

the dissemination of a third party's content, seek to hold the defendant liable in its capacity as a

'publisher.'"  *Herrick v. Grindr, LLC*, No. 17-CV-932 (VEC), 2017 WL 744605, at *4 (S.D.N.Y.

Feb. 24, 2017) (first internal quotation marks omitted) (citation omitted).  Most fundamentally,

Plaintiff's claims all arise out of the fact that the third-party product listings or third-party

products at issue contain the term "RUN-DMC"—which was not put there by Amazon, and but

for which there would be no claim.  Specifically, the alleged deceptive act or practice in the state-law deceptive-acts-and-practices claim (Count Nine) was the publication of the third-party product listings in question, and the allegedly false advertising in the state-law false-advertising claim (Count Ten) was contained within the third-party product listings that Amazon published.

Accordingly, those claims treat Amazon "as the publisher or speaker" of the listings in question, because Amazon's involvement with the listings in question was that of a publisher. *See, e.g.*, *Lasoff*, 2017 WL 372948, at *4 (because the content giving rise to the claim was created by a third party and the claims sought to hold Amazon liable for Amazon's dissemination of that third-party content, the claim necessarily treated Amazon as the "publisher or speaker" of the third-party content).

Nor do the claims fall into any of the exceptions to CDA immunity.  None of Plaintiff's claims are brought under federal criminal statutes, 47 U.S.C. § 230(e)(1), or under communications privacy laws, 47 U.S.C. § 230(e)(4).

This leaves the exclusion for "laws relating to intellectual property" in 47 U.S.C. § 230(e)(2).  Neither Count Nine nor Count Ten arises under an intellectual-property law.

Count Nine arises under New York General Business Law Section 349, which states that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."  N.Y. Gen. Bus. L. § 349(a). Count Ten arises under New York General Business Law Section 350, which provides, "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."  N.Y. Gen. Bus. L. § 350  These claims do not depend in any way on the claimant's ownership of any patent, copyright, or trademark, and they do not

provide remedies that flow from harm to any patent, copyright, or trademark.  While acts that fall within the ambit of these statutes may also run afoul of intellectual property laws, the claims have entirely non-overlapping elements:  these claims depend on the *falsity* of statements made relating to goods, while a trademark claim, for example, depends on the likelihood that a statement will give rise to consumer confusion *in derogation of the claimant's intellectual property rights* in a particular identifying mark.  One can have trademark infringement without false statements or false statements without trademark infringement (e.g., "these pills will make you three inches taller in a week").  Not every claim arising out of false statements is an intellectual-property claim.  *See, e.g.*, *Enigma Software Grp. USA LLC v. Malwarebytes Inc*., No. 5:17-cv-02915-EJD, 2017 WL 5153698, at *3 (N.D. Cal. Nov. 7, 2017), *appeal docketed*, No. 17-17351 (9th Cir. Nov. 21, 2017) (holding that a false-advertising claim does not arise under a "law pertaining to intellectual property").

Accordingly, Counts Nine and Ten are barred by Section 230, and should be dismissed with prejudice.

> **J.     Counts Nine and Ten (Deceptive Practices and False Advertising under New York law) should be dismissed at least because the Third Amended Complaint does not allege that any consumer was deceived in New York.**

Count Nine is brought under New York General Business Law Section 349, which prohibits certain deceptive acts and practices.  "[T]o qualify as a prohibited act under [Section 349], the deception of a consumer must occur in New York."  *Goshen v. Mutual Life Ins. Co*., 746 N.Y.S.2d 858, 864 (2002).  The Third Amended Complaint does not allege that the deception of a consumer occurred in New York.  Paragraph 88 alleges that "Amazon has engaged in consumer oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York," but it does not tie that (unspecified) injury to

(unspecified) consumers to any deceptive act or practice on the part of Amazon.  The Third

Amended Complaint therefore does not state a claim under Section 349.

Identical language regarding the location of the alleged wrongful act appears in Section

350, which addresses false advertising, as in Section 349.  *Compare* N.Y. Gen. Bus. L. § 350

("False advertising in the conduct of any business, trade or commerce or in the furnishing of any

service **in this state** is hereby declared unlawful.") (emphasis added) *with* N.Y. Gen. Bus. L. §

349(a) ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the

furnishing of any service **in this state** are hereby declared unlawful.") (emphasis added).  New

York courts have applied the holding of *Goshen* to Section 350.  *See Mountz v. Glob. Vision

Prods., Inc.*, 3 Misc. 3d 171, 178 (N.Y. Sup. Ct. 2003).  The Third Amended Complaint does not

allege that Amazon engaged in any acts of false advertising in New York.  TAC ¶¶ 92-96.

Accordingly, Count Ten of the Third Amended Complaint is subject to dismissal, as well.

## V.      CONCLUSION

For the foregoing reasons, each of the claims in the Third Amended Complaint should be

dismissed.  Counts 1, 3, 6, 9, and 10 should be dismissed with prejudice.  And while Plaintiff has

had numerous opportunities to amend the Complaint, Counts 2, 4, 5, and 7 should be dismissed

with leave to amend one further time.

Dated:  November 30, 2017                    DURIE TANGRI LLP


                                     By:  _____*/s/ Joseph C. Gratz*_____
                                          JOSEPH C. GRATZ (*Pro Hac Vice*)
                                          jgratz@durietangri.com
                                          217 Leidesdorff Street
                                          San Francisco, CA 94111
                                          Telephone: (415) 362-6666
                                          Facsimile: (415) 236-6300

                                          Attorney for Defendant
                                          AMAZON.COM, INC.